# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

NICKOLAS V. MOORE,                )
                                  )
            Plaintiff,            )
                                  )
        v.                        )         Case No.  2:25-cv-04053-MDH
                                  )
MISSOURI DEPARTMENT OF SOCIAL     )
SERVICES, DIVISION OF YOUTH       )
SERVICES,                         )
                                  )
            Defendant.            )

## ORDER

Before the Court is Defendant Missouri Department of Social Services, Division of Youth Service's ("Defendant") Motion to Dismiss for Failure to State a Claim as to Count I – The Missouri Human Rights Act ("MHRA") and Count V – Breach of Implied Covenant of Good Faith and Fair Dealing of Plaintiff's Complaint. (Doc. 10). Plaintiff has filed Suggestions in Opposition (Doc. 16) and Defendant has filed a reply. The motion is now ripe for adjudication on the merits. For reasons herein, Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises out of allegations of disability discrimination. Plaintiff is a resident of St. Louis County, Missouri. Defendant Division of Youth Services is a division of the Missouri Department of Social Services, a state agency headquartered in Cole County, Missouri.

Plaintiff is a person with various disabilities, including Reactive Attachment Disorder, Autism Spectrum Disorder, Oppositional Defiance Disorder and Attention Deficit Hyperactivity Disorder. Plaintiff's providers recommended 840 minutes per week of instruction in social skills

1

and 60 minutes per week of social work counseling. Plaintiff entered Defendant's custody in April 2023. Defendant was responsible for Plaintiff's education and the administration of his accommodations. Plaintiff alleges Defendant failed to provide the required accommodations alleging at most times Plaintiff did not have a teacher, was provided with packets of worksheets, and that Defendant did nothing to remedy Plaintiff's exclusion from its educational services. Plaintiff is eligible for educational services through his 21st birthday, yet Defendant allegedly graduated Plaintiff when he turned 18 without advising him of that right.

On October 10, 2023, Plaintiff filed a due process complaint with the Administrative Hearing Commission under the Individuals with Disability Education Act ("IDEA"). On May 30, 2024, Plaintiff and Defendant entered a Consent Order in which Defendant agreed to provide certain services to Plaintiff. Beginning ten days after entry of the order, and continuing until Plaintiff's 19th birthday on January 20, 2025, Defendant agreed to make available to Plaintiff the services of the Metropolitan, Education, and Training ("MET") Center and provide several specific supports. In reliance on Defendant's promises, Plaintiff agreed to dismiss his administrative claims, understanding that Defendant's obligations were binding and enforceable. On or around October 2024, Defendant filed a Petition for Relief of Custody in the Juvenile Division of the St. Louis County Circuit Court. On October 15, 2024, the St. Louis County Juvenile Court granted Defendant's petition. Defendant then ceased all services to Plaintiff under the Consent Order.

Plaintiff has now initiated the current action in this Court alleging five counts in the Complaint: Count I – The Missouri Human Rights Act; Count II – Section 504 of the Rehabilitation Act; Count III – Americans with Disability Act; Count IV – Breach of Contract; and Count V – Breach of the Implied Covenant of Good Faith and Fair Dealing. Defendant now asks the Court to dismiss Counts I and V of Plaintiff's Complaint. The Court will take each argument in turn.

2

## STANDARD OF REVIEW

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I.    Count I – The Missouri Human Rights Act

Defendant argues that Plaintiff fails to state a claim upon which relief may be granted because Plaintiff has failed to plead sufficient facts to establish that Bissell Hall and the MET Center are places of public accommodation pursuant to Mo. Rev. Stat. § 213.065.2. Plaintiff argues that he has pleaded sufficient facts to state a claim for disability discrimination in a place of public accommodation under the MHRA.

To succeed on a claim of discrimination under the MHRA a plaintiff must show that: (1) plaintiff is a member of a class protected by section 213.065; (2) plaintiff was discriminated against in the use of a public accommodation (as defined by section 213.010); and (3) plaintiff's status as

3

a member of a protected class was a contributing factor in that discrimination. *M.N. by & Through S.N v. N. Kansas City Sch. Dist.*, 597 S.W.3d 786, 792 (Mo. Ct. App. 2020) (quoting *Appleberry ex rel. R.M.A. v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 430 (Mo. banc 2019)).

Mo. Rev. Stat. § 213.065 prohibits discrimination in public accommodations. It states:

1. All persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation, as hereinafter defined, without discrimination or segregation because of race, color, religion, national origin, sex, ancestry, or disability.

2. It is an unlawful discriminatory practice for any person, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, as defined in section 213.010 and this section, or to segregate or discriminate against any such person in the use thereof because of race, color, religion, national origin, sex, ancestry, or disability.

Mo. Rev. Stat § 213.065.1-2. Mo. Rev. Stat. § 213.010 defines certain terms as it relates to the statute above. Specifically, the statute defines "person" to include "one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons[.]" Mo. Rev. Stat. § 213.010.15. The statute also defines "places of public accommodation" as:

all places or businesses offering or holding out to the general public, goods, services, privileges, facilities, advantages or accommodations for the peace, comfort, health, welfare and safety of the general public or such public places providing food, shelter, recreating and amusement[.]

Mo. Rev. Stat. § 213.010.16. Subsection 213.010.16 then provides a non-exclusive list of examples of places, businesses, and other establishments that are places of public accommodation. Specifically, 213.010.16(e) includes "[a]ny public facility owned, operated, or managed by or on behalf of this state or any agency or subdivision thereof, or any public corporation; and any such

4

facility supported in whole or in part by public funds[.]" Subsection 213.065.3 excludes particular places from the ban on discrimination. Under subsection 213.065.3, a place is excluded if it is a:

> private club, a place of accommodation owned by or operated on behalf of a religious corporation, association or society, or other establishment *which is not in fact open to the public*, unless the facilities of such establishments are made available to the customers or patrons of a place of public accommodation as defined in section 213.010 and this section. (Emphasis added).

Here, Defendant focuses its argument on Bissell Hall, a juvenile detention facility that operates under Defendant. However, the Complaint specifically alleges "[a]t all relevant times, Defendant was a place of public accommodation under [Mo. Rev. Stat. §] 213.010(16)." (Complaint ¶ 49). Plaintiff makes no mention of Bissell Hall or the MET Center within Count I or the pleadings. Rather, Plaintiff's main argument is DYS, and the facilities it operates, are places of public accommodation under the MHRA.[1] Given this, the Court will examine whether Bissell Hall and the MET Center are considered places of public accommodation according to law.

## A.      Bissell Hall as a Place of Public Accommodation

Defendant argues that Bissell Hall is not a public accommodation for which a person can be held liable for a discriminatory practice under the MHRA because Bissell Hall is not a school but rather a juvenile detention facility that operates under the DYS. Plaintiff argues that Bissell Hall, through DYS, functions as an independent, fully accredited school district, and that Missouri courts have established that public school districts are places of public accommodation as defined by § 213.010(16)(e) of the MHRA.

---

[1] Pursuant to R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist., 568 S.W.3d 420, 440 (Mo. 2019) the State and its subdivisions are "persons" as defined by section 213.010(15) and thus not a place of public accommodation in and of itself. As such, the Court will construe DYS as a "person" and will focus its evaluation of places of public accommodation on Bissell Hall and the MET Center respectively.

Mo. R. Juv. P. 110.04(7) defines what is considered a detention facility for a juvenile. A detention facility:

> means a place for the temporary care of *a juvenile in judicial custody* in a proceeding under subdivision (2) or (3) of subsection 1 of [Mo. Rev. Stat. § 211.031], and includes a place that is physically confining, but does not include a jail or other adult detention facility unless the juvenile is 17 years or older. (Emphasis added).

Mo. R. Juv. P. 110.04(7).

The Court finds that Bissell Hall is not a place of public accommodation pursuant to Mo. Rev. Stat. § 213.065. Because it is not open to the public, a member of the public cannot seek admittance into Bissell Hall but rather must be placed there by a juvenile court should they meet the requisite criteria. Likewise, a juvenile attending Bissell Hall cannot voluntarily leave the program. Because of this, the Court finds Bissell Hall is not a place of public accommodation pursuant to Mo. Rev. Stat. § 213.065. Here, Plaintiff was committed to DYS for an indefinite term for violation of a valid court order. (Doc. 19-1, ¶ 3).[2] Plaintiff was then placed at Bissell Hall, a "moderate secure facility within the Division." *Id* at ¶ 4. While Bissell Hall is a middle/high school within the state, it is also a detention facility as defined by Mo. R. Juv. P. 110.04. As Bissell Hall serves both functions, the Court finds that Bissell Hall has a unique relationship with its students that places it outside the definition of a public accommodation for the purposes of Mo. Rev. Stat. § 213.065. Like in *State ex rel. Naugles v. Missouri Comm'n on Hum. Rts., B.A.*, 561 S.W.3d 48, 53 (Mo. Ct. App. 2018), where the court found that a prison is not a place of public accommodation because it involuntarily confines those in its care based upon a judicial determination of their guilt for criminal offenses in violation of Missouri law; Bissell Hall is an institution that juveniles are

---

[2] On a motion to dismiss, the Court can consider the pleadings, matters incorporated by reference into the pleadings, matters integral to the claim, or items appearing in the record of the case. Williams v. Employers Mut. Cas. Co., 845 F.3d 891, 903–04 (8th Cir. 2017). Here, Plaintiff's placement within DYS is referenced within the Complaint and Plaintiff has attached the referenced exhibits within his Suggestions in Opposition.

involuntarily confined to, based on a judicial determination by a juvenile court. *See* Mo. Rev. Stat. § 211.031. The detention facility is a place for the temporary care of a juvenile in judicial custody that is physically confining but does not include a jail or other adult detention facility. For the reasons stated, Defendant's Motion to Dismiss Count I for failure to state a claim is **GRANTED** to the extent Plaintiff seeks relief from his time at Bissell Hall.

## B. The MET Center as a Place of Public Accommodation

Defendant argues, just like Bissell Hall, the MET Center is not a public accommodation. Specifically, Defendant asserts that the MET Center is a day treatment center operated by DYS in which only youth who have been referred by the court may attend for services. Defendant argues that the MET Center does not hold itself out to the public and does not invite members of the public to seek out the services it offers, thus excluding it as a place of public accommodation. Plaintiff disagrees and asserts that the MET Center is held open to the public and is not reserved solely for confined youth. Plaintiff thus argues that the MET Center is a place of public accommodation.

The parties agree that the MET Center is a Day Treatment/Resource Center of the DYS. Mo. Rev. Stat. § 219.021.7 gives authority to the creation of a Day Treatment/Resource Center. It states:

> The division is hereby authorized to establish, build, repair, maintain, and operate, from funds appropriated or approved by the legislature for these purposes, facilities and programs necessary to implement the provisions of this chapter. Such facilities or programs may include, but not be limited to, the establishment and operation of training schools, maximum security facilities, moderate care facilities, group homes, day treatment programs, family foster homes, aftercare, counseling services, educational services, and such other services as may be required to meet the needs of children committed to it. The division may terminate any facility or program no longer needed meet the needs of children.

7

Mo. Rev. Stat. § 219.021.7. Specifically, the Missouri Department of Social Services website defines the role of a Day Treatment center. It states:

> Day Treatment/Resource Centers are community-based programs allowing youth to receive supervision, education, treatment and recreation services while living in their community. Day Treatment/Resource Centers may serve court referred at-risk youth or may be utilized to ensure successful transition of DYS youth from residential care. Day Treatment/Resource Centers also serve youth under the Interstate Compact for Juveniles. These programs may also provide treatment education and recreational services to parents, families and the community. Family and community engagement services include activities such as:
>
> - Community service
> - Creative arts
> - Cooking
> - Recreational
> - Physical education
> - Family nights
>
> Day Treatment/Resources Centers operate all services year-round. Youth spend six hours each day in school and return home to their family in the evenings. Youth will design an individual education plan with a teacher that will outline their goals and the expectations of both the staff members and youth. They will then begin to work toward their goals at their own pace.
>
> This program provides an alternative to the public school system and focuses primarily on:
>
> - Training toward high school equivalence (HiSET)
> - Career planning
> - Job-seeking skills

MISSOURI DEPARTMENT OF SOCIAL SERVICES, *Day Treatment*, https://dss.mo.gov/dys//day-treatment.htm (last visited Dec. 9, 2025).

While the MET Center is a Day Treatment/Resource Center of the DYS, it allegedly also serves to help the St. Louis area with various other needs such as training programs for job placement, mental wellness services, youth services, and reentry programs for eligible, incarcerated individuals. *See* FAMILY AND WORKFORCE CENTERS OF AMERICA, https://www.fwca-stl.com/ (last accessed Dec. 9, 2025); *see also* BIOSTL, https://www.biostl.org/news-and-

8

media/home/st-louis-county-wants-to-bet-big-on-this-job-training-center/ (last accessed Dec. 9, 2025). The MET Center itself allegedly includes programs open to a wider swath of the community. While the MET Center may be a Day Treatment/Resource Center pursuant to Mo. Rev. Stat. § 219.021 it is, or could be, a public place of accommodation as well. Based on the pleading it is impossible to tell at this stage of the litigation. Also unclear is whether the alleged discrimination and contract breach were determinations made by the MET Center or DYS. As such, the Court will allow Plaintiff at this stage of the litigation to continue with Count I to the extent Plaintiff seeks relief from his time at the MET Center. It is unclear to the Court whether the MET Center is a separate suable entity under Missouri law and, if so, if it needs to be brought in to afford Plaintiff complete relief as necessary pursuant to Federal Rule of Civil Procedure 19. For the reasons stated, Defendant's Motion to Dismiss Count I for failure to state a claim is **DENIED** to the extent Plaintiff seeks relief from his time at the MET Center.

## II.    Count V – Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant argues Count V should be dismissed because it is barred by sovereign immunity. Specifically, Defendant argues for claims in contract, sovereign immunity applies unless there has been express statutory consent by the sovereign or a recognized common law exception. Defendant asserts there has been no statutory express consent plead or given. Plaintiff argues that sovereign immunity does not apply to this matter because the settlement agreement in question was entered into as a part of an IDEA dispute resolution process, and states accepting IDEA funds are deemed to waive sovereign immunity for actions under the act.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Jones v. City of St. Louis*, 599 F. Supp. 3d 806, 824 (E.D. Mo. 2022) (quoting *Virginia Office for*

*Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011)). "[I]n the absence of an express statutory exception to sovereign immunity, or a recognized common law exception … sovereign immunity is the rule and applies to all suits against public entities." *Id.* (quoting *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921–22 (Mo.2016)). 20 U.S.C. § 1403 is titled abrogation of State sovereign immunity and codified within title 20 chapter 33 – education of individuals with disabilities. "A State shall not be immune under the 11th amendment to the Constitution of the United States from suit in Federal court for a violation of this chapter." 20 U.S.C. § 1403(a). "In a suit against a State for a violation of this chapter, remedies … are available for such a violation to the same extent as those remedies … against any public entity other than a State." 20 U.S.C. § 1403(b).

Defendant is not entitled to sovereign immunity based upon Congress abrogating the state's sovereign immunity through an express statutory exception. Plaintiff has alleged "[o]n October 10, 2023, Plaintiff filed a Due Process complaint with the Administrative Hearing Commission under the Individuals with Disability Education Act. (Complaint, Factual Allegations ¶ 23). 34 C.F.R. § 300.510 is the federal regulation governing the resolution process as to IDEA. Specifically, 34 C.F.R. § 300.510(d) states:

> if a resolution to the dispute is reached … the parties must execute a legally binding agreement that is signed by both the parent and a representative of the agency who has the authority to bind the agency; and [e]nforceable in any State court of competent jurisdiction or in a district court of the United States[.]

34 C.F.R. § 300.510(d)(1)-(2). Plaintiff has alleged "On May 30, 2024, Plaintiff and Defendant entered a Consent Order in which [Division of Youth Services] agreed to provide certain services to Plaintiff. See Exhibit 2 attached hereto." (Complaint, Factual Allegations ¶ 24). Plaintiff's

Exhibit C is the Consent Decree and the Settlement Term Sheet.[3] (Doc. 19-3). Plaintiff has shown that it has followed the resolution process in accordance with C.F.R. § 300.510 and pursuant to IDEA. As such Plaintiff has proven that this claim falls within the purview of 20 U.S.C. § 1403 and that Defendant's sovereign immunity is abrogated in this instance. For the reasons stated, Defendant's Motion to Dismiss Count V for failure to state a claim based on sovereign immunity is **DENIED**.

## CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss for Failure to State a Claim on Count I – The Missouri Human Rights Act is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may pursue Count I to the extent the allegations are to his time at the MET Center. Defendant's Motion to Dismiss for Failure to State a Claim on Count V – Breach of Implied Covenant of Good Faith and Fair Dealing is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 11, 2025

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[3] On a motion to dismiss, the Court can consider the pleadings, matters incorporated by reference into the pleadings, matters integral to the claim, or items appearing in the record of the case. Williams v. Employers Mut. Cas. Co., 845 F.3d 891, 903–04 (8th Cir. 2017). Here, the Consent Agreement is referenced within the Complaint and attached as Exhibit C in Plaintiff's Suggestions in Opposition.

11